UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RODGER WOELLER,<br><br>        Petitioner,<br>  v.<br><br>CAMDEN COUNTY<br>CORRECTIONAL FACILITY,<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-cv-2885 (JBS-JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief District Judge:**

    1.    Petitioner is proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he requested release from Camden County Correctional Facility ("CCCF") due to allegedly unconstitutional conditions of pre-trial confinement.

    2.    In the course of preparing its opinion, the Court noted that Petitioner appeared to have been released from CCCF into the custody of the New Jersey Department of Corrections and was presently incarcerated in South Woods State Prison ("SWSP"). State of New Jersey Department of Corrections Offender Search Engine, *available at* https://www20.state.nj.us/DOC_Inmate/inmatesearch.jsp (last visited Feb. 10, 2017).

    3.    On January 31, 2017, the Court ordered Respondent to confirm Petitioner's whereabouts within seven (7) days and to

address whether the petition was now moot within thirty (30) days.

4.  Respondent filed a letter on February 7, 2017 indicating Petitioner had been released from CCCF on May 25, 2016.[1] Certification of Lt. Denita Forrest ¶ 2.

5.  The Court received a letter from Petitioner dated February 3, 2017 in which he requested an extension "of up to a year" to respond to the Court's Order. Petitioner's Letter, Docket Entry 19. Petitioner indicated access to the SWSP law library "is once a week for less than an hour at a session." *Id.* He further indicated he wanted to reserve his right to pursue further civil action "as though [sic] I am not being held at [CCCF] does not dismiss the constitutional violations and damage of distress I have received during the times of incarceration or pre-trial detainee [sic] at [CCCF]." *Id.*

6.  The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2. "The 'case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the

---

[1] The Court notes that its May 20, 2015 Order instructed Respondent to update the Court as to Petitioner's whereabouts within 7 days of any change in address.

outcome of the lawsuit.'" *Chestnut v. Warden Lewisburg USP*, 592 F. App'x 112, 113 (3d Cir. 2015) (omission in original) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)).

7. Petitioner alleged that the conditions of his pre-trial detention at CCCF were unconstitutional and that he should be released on his own recognizance pending trial. Since that time he has been convicted, sentenced, and transferred out of CCCF. It would therefore appear the petition is moot.[2]

8. As the Court is raising the issue *sua sponte*, however, it will give the parties the opportunity to state their positions before dismissing the petition.

9. Respondent shall file its response within the time frame set forth in this Court's January 31, 2017 order: **March 2, 2017**. Petitioner may have an additional 30 days, until **April 2, 2017**, to submit his response.

10. An appropriate order follows.

**February 14, 2017**        **s/ Jerome B. Simandle**
Date        JEROME B. SIMANDLE
     Chief U.S. District Judge

---

[2] To the extent Petitioner is indicating he wishes to pursue damages for the alleged unconstitutional conditions of confinement, he must do so in a civil rights complaint pursuant to 42 U.S.C. § 1983 within the two-year statute of limitations. Any challenge to Petitioner's state conviction and sentence must be brought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he has exhausted his state court remedies.