| | |
|---|---|
| RODGER WOELLER,<br><br>        Petitioner,<br>  v.<br><br>CAMDEN COUNTY<br>CORRECTIONAL FACILITY,<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-cv-2885 (JBS-JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

Before the Court is Respondent Camden County Correctional Facility's ("CCCF") unopposed motion to dismiss the petition as moot. Motion, Docket Entry 22. For the reasons stated below, the motion is granted and the petition is dismissed.

1. Petitioner was confined as a pretrial detainee at CCCF beginning on November 16, 2013.[1] On April 22, 2015, he filed a

---

[1] Petitioner is one of thousands of members of a certified class in *Dittimus-Bey v. Camden County Correctional Facility*, Civil No. 05-cv-0063 (JBS). The class plaintiffs were all persons confined at the CCCF, as either pretrial detainees or convicted prisoners, at any time from January 6, 2005 until June 30, 2017, at which time the Court approved the final motion for settlement after notice was provided to the class and the period of time to object to the Final Consent Decree expired. The class of plaintiffs sought injunctive and declaratory relief about unconstitutional conditions of confinement at the CCCF involving overcrowding. That class action did not involve money damages for individuals. As the *Dittimus-Bey* settlement was finally approved on June 30, Plaintiff and other class members are barred from seeking injunctive or declaratory relief for the period of time from January 6, 2005 to June 30, 2017 for the

motion for a prisoner release order pursuant to 18 U.S.C. § 3626(3) due to allegedly unconstitutional conditions of confinement at CCCF. Petition, Docket Entry 1.

2. Petitioner alleged CCCF was overcrowded, which caused him to suffer "physical injury, increased exposure to other health concerns (scabies and lice outbreaks), increased threats of violence and emotional issues which require medication." *Id.* at 1. The Court interpreted the filed petition as a petition for habeas corpus under 28 U.S.C. § 2241.

3. After the conclusion of briefing, the Court became aware that Petitioner had left CCCF and had been placed into the custody of the New Jersey Department of Corrections at South Woods State Prison ("SWSP"). January 31, 2017 Order, Docket Entry 17.

4. The Court ordered Respondent to confirm Petitioner's whereabouts and to address whether the petition was moot in light of Petitioner's release. *Id.*

5. Respondent filed a letter on February 7, 2017 indicating Petitioner had been released from CCCF on May 25, 2016. Certification of Lt. Denita Forrest ¶ 2, Docket Entry 18-1.

---

conditions that were the subject of the class action, but not from seeking money damages in an individual case.

6. Petitioner wrote to the Court requesting an extension "of up to a year" to respond to the Court's Order. Petitioner's Letter, Docket Entry 19. Petitioner indicated access to the SWSP law library "is once a week for less than an hour at a session." *Id.* He further indicated he wanted to reserve his right to pursue further civil action "as though [sic] I am not being held at [CCCF] does not dismiss the constitutional violations and damage of distress I have received during the times of incarceration or pre-trial detainee [sic] at [CCCF]." *Id.*

7. Respondent now moves to dismiss the petition as moot due to Petitioner's release from CCCF. Petitioner did not file a response to the motion.[2]

8. The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2. "The 'case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . .

---

[2] As the Court noted in its order for briefing on the mootness issue, *see* February 15, 2017 Order, Docket Entry 21, Petitioner must file a separate civil rights complaint pursuant to 42 U.S.C. § 1983 within the two-year statute of limitations if he wishes to pursue damages for the alleged unconstitutional conditions of confinement. The Court expresses no opinion on the merits of any potential civil rights action or whether Petitioner has otherwise complied with the filing requirements of a § 1983 claim under the Prison Litigation Reform Act.

3

. The parties must continue to have a personal stake in the outcome of the lawsuit.'" *Chestnut v. Warden Lewisburg USP*, 592 F. App'x 112, 113 (3d Cir. 2015) (omission in original) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)).

9. Petitioner requested the Court to order his release from CCCF on his own recognizance pending trial due to allegedly unconstitutional conditions of confinement. However, Petitioner is no longer at CCCF. He has been convicted, sentenced, and transferred into state prison. "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996).

10. The Court can no longer grant the relief Petitioner requested because he has been released from CCCF.[3]

11. Even if the petition were not rendered moot by Petitioner's release from CCCF, he would not be entitled to a prisoner release order under § 3626. Section 3626 states in relevant part: "In any civil action with respect to prison conditions, no court shall enter a prisoner release order unless

---

[3] Any challenge to Petitioner's state conviction and sentence must be brought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he has exhausted his state court remedies.

4

a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order." 18 U.S.C. § 3626(3)(A)(i).

12. This Court has worked with class counsel and counsel for Camden County in the *Dittimus-Bey* proceedings for over a decade and through several Consent Decrees to address the conditions at CCCF. At the beginning of the litigation, cells in CCCF designed for two occupants sometimes held three or four, requiring someone to sleep on the floor. There was also insufficient ventilation, high levels of $CO_2$, and mold. The jail also lacked sufficient space for defense attorneys to meet with their clients.

13. Camden County made significant improvements to the conditions of the jail over the course of the litigation, including, but not limited to, the hiring of a Jail Population Manager, infrastructure improvements, HVAC system advancements, food service improvements, and new meeting rooms for attorneys and their clients. The Court takes judicial notice of the fact that the population of CCCF, which has a capacity of 1267, had only 979 inmates at the time of the fairness hearing on May 31, 2017. The Court did not receive any objections to the Final Consent Decree.

14. It is therefore apparent that Petitioner cannot meet § 3626's requirement that a previously entered order "failed to remedy the deprivation of the Federal right sought to be remedied . . . ." 18 U.S.C. § 3626(3)(A)(i).

15. The Court will therefore grant the motion to dismiss.

16. To the extent a certificate of appealability is required, the Court declines to issue one as jurists of reason would not find it debatable that dismissal was correct either procedurally as moot or on the merits, and that Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)-(2).

17. An appropriate order follows.


**September 13, 2017**           **s/ Jerome B. Simandle**
Date          JEROME B. SIMANDLE
         U.S. District Judge